and we'll now hear argument in the second case on the calendar which is United States v. Griffin. Mr. Newman, are you here? Yes, can you hear me? I can, yes. Okay, great. Ms. Sassoon, are you here as well? Yes, Your Honor, I'm here. Alright, so Mr. Newman, you've got ten minutes and you've reserved three minutes for rebuttal and you'll get the first three minutes free with just a quick note at the two-minute mark that you're getting close to the end of the first three minutes, alright? Okay, thank you. So I'll try to be efficient also and begin by addressing the first issue in the brief which concerns the severance and joinder of the two counts and I want to begin by just emphasizing the timing of these indictments. In August, I'm sorry, in October 2016, the original 22-person indictment involving a conspiracy over a couple of years charging B1A weight. In about a year later, no, ten months later, the trial date is set for March of 2018. It's 11 days before the start of trial that the superceder indictment is filed, adding two charges, one of which is the marijuana charge which is ultimately not pursued. So in view of the timing, the trial counsel, I was not trial counsel, trial counsel, you know, challenged the joinder first under Rule 8a and ultimately the government relied on the prong of 8a that says joinder is permissible when the crimes are of the same or similar character. Now, that phrase is something that, you know, is naturally very flexible. I think the parties agree that the Second Circuit's analysis uses the terminology that similar charges include those that are somewhat alike or of a general likeness to each other and our position is that even under that flexible standard, these, you know, the counts that were ultimately charged, ultimately joined, which is the coke, a cocaine conspiracy, and then a single sale of coke, are not sufficiently similar if you really look at them. And I guess part of what I'm saying is we start with the premise that it's not enough. You shouldn't just stop by looking at what, you know, the type of charge, but it's that you should look at, you know, a really kind of nature of the allegations. You have one more minute. Thank you. And so, so here, you know, the one conspiracy is really a large, sprawling conspiracy, an enterprise in the Bronx, where the isolated sale involves a time where the defendant is alleged to make a single sale to a co-worker. And, but the other proof, the other point I really want to get to here is that I think it was legitimate for the judge to consider whether the government acted in bad faith. And the concept of bad faith is something that comes up in the precedent involving Rule 8B, with the joinder of defendants, and usually in the context of whether or not a conspiracy count was legitimately filed, or for some tactical advantage. And I'm, I have not found cases that specifically talk about that bad faith with Rule 8A, but I think that the logic is the same. I think it's a valid consideration, and even if it's not considered under 8A, it should be when you look at whether this discretionary severance should be granted under 14A. And, and, and that, you know, I, again, for the reason stated in the brief, I'd say that, you know, this was not fair to the, to the defendant, not because of, you know, that they didn't have the evidence, but because they were, the superseder was brought as a way to introduce evidence that otherwise would not have been admissible. I'm assuming that my three minutes is just about up now. I think you're a little past it. Okay. A minute now for some questions. Judge Calabresi, do you have any questions for Mr. Newman? Yes. Yeah. Now, assuming we brought your argument that the two things are not sufficiently similar, and there, I think one thing that you might have said was that it isn't altogether clear, at least to me, that the time that the individual claims against your client were made were also times when he was in the conspiracy. He was in the conspiracy at some point, and the conspiracy was going on during that time. It isn't clear to me that he was in the conspiracy. But my main problem is, wouldn't all this stuff have been admissible anyway? But I don't really see the harm, because under our rules about knowledge and propensity and so on, admissibility is very easy. And if everything that would have been admissible under one that would come in anyway, then even if it was not technically correct to join, I don't see what the ground for reversal of the conviction would be. Okay, well, I think there's two things you're raising here. One is, again, the admissibility, and one would be the harm. The government argued that the evidence would have been admissible, and kind of presented a laundry list of rationales to say it would have been, you know, an intent or identity or opportunity. Did the government give a 404B notice for this information before the superceder? I, frankly, I do not know the answer to that, Judge. You know, and, you know, my problem, my problem there is, I've been around here for 25 years, and I've seen all sorts of stuff that before I became a judge, I would not have expected to be admissible. But having learned what the law of the Second stuff under our precedence isn't admissible. Well, yeah, under the wide variety of things the government says. Judge, I appreciate that. I certainly, you know, understand that sentiment. But, you know, just to go back for a second to answer the question about the 404B notice, I think that it must not have been provided. And, again, I'm making a guess here. Maybe the prosecutor can give me another answer, because I think that this would have been briefed differently, and that would have come up. But, anyway, I just don't see what the specific rationale for admitting this evidence would have been of that sale. It's, there was no, you know, the defense was not, you know, was never going to challenge knowledge, for example, or mistake. Those were some of the bases that the government said that they could have said it was not about mistake. But that was not, it was never going to be a theory of the defense. So, I certainly agree that a lot of stuff comes in late. Late people or people are not familiar with the federal law wouldn't expect, but they still have to identify something here. And it's true the government did present kind of a, like I said, a laundry list of possibilities of how it would be admitted. But I just don't see which one makes any sense here. You know, so, and as far as the harm, the harm here, the problem is that, you know, the defense was really relying on the argument that there was no evidence that, on the conspiracy camp, that he ever personally was found in possession of drugs or personally handled drugs. It was all tape recordings. And so, to have another count come in where he is doing exactly that, personally handling the drugs, that really undermined the essence of his defense. Judge Leslie, do you have any questions for Mr. Newman? No, I don't. Thank you. I guess I'd add, this is Jeff Sullivan. Mr. Newman, I mean, it's hard to see how drugs being the same drug would not meet the standard here, which is same or similar character or somewhat alike. Any cases where approaching these facts with being not able to cut it? So, first of all, I've got no cases of narcotics cases, where I can say that. You know, when you were viewing the, you know, the briefs, you know, this morning, there's a case that is actually not, well, I think it's a, it's a, it's a district court case. Owens, that cited in my brief. And that, that really discusses the prejudice element. So, that's not response to your question, but it, what it does cite to a case, which I did not cite, frankly, is a case called Jawara from the Ninth Circuit. Again, that's not narcotics, but what they do there is that they do discuss kind of this difference between a cat, what they call a categorical approach, just saying the type of, you know, charge and more of an evidentiary based approach. And, and so there are a line of cases, I have not seen the Second Circuit, you know, adopt any of these cases. And, but there are some circuits that try to look at more of an evidentiary based approach. And it's not, under that approach, there are cases, not narcotics cases, but there are cases where there's two crimes, but they're not really joinable because they're not similar enough. So, I don't have anything that I can say is really on point here. I don't think that the government has come up with something that specifically excludes the possibility either. But, no, I, the short answer is I do not have a case that really is directly on point. All right. Well, let's, let's pause there. You've reserved three minutes for rebuttal. We'll now hear from Ms. Sassoon for the government. Ms. Sassoon, you've got ten in total, three up front, and you'll get a warning at two. May it please the court, my name is Danielle Sassoon, and I represent the United States on appeal, as I did at the trial below. I'd like to first briefly clarify one thing about the proceedings below, which is that the government did provide 404B notice, and that's at Appendix 250 in our letter about severance. We refer specifically to our motions in Limine where we discussed why this evidence was admissible under 404B. I'd like to start with severance, and the District Court's decision not to sever is virtually unreviewable. Here, appellant falls far short of showing substantial prejudice for at least three reasons. First, the evidence on each count was independently strong, and it doesn't appear that that is seriously disputed here. Second, the parties agree that the cuts against prejudice because it reduces any danger that the evidence will be used cumulatively. The jury could easily distinguish between the evidence supporting each count, and more easily follow the judge's instructions to consider each count separately. Third, as already mentioned, the evidence would have been admissible under 404B, but there was less prejudice here because, in fact, once the counts were joined, the government did not make 404B-type arguments at the trial before the jury. The main argument here seems to be that the government acted in bad faith, but this circuit has recognized as appropriate what is also commonplace, which is that the government can continue to investigate and supersede additional charges to strengthen an indictment before trial and capture all of the defendant's criminal conduct, and that's page 657F3 at 132. Particularly in this case, there was nothing improper about the timing of the indictment. Trial was in March of 2018. Morabel Cruz was the primary witness on count two, and as reflected in his testimony at the appendix, pages 958 to 961, he was not located until January 2018. He ignored a subpoena. He had to be arrested. Excuse me, you have one more minute. Thank you. And he did not sign a non-prosecution agreement until March 11th of 2018. The motivations of the government really only come into play when there's independent evidence that the original charge is weak, as was the case in Jones, but for which there is no evidence here. This case is like Page, where there was a superseded felon in possession charge before trial. Page distinguished that case from Jones, where there had originally been a trial on another charge that ended in a mistrial, with ten jurors voting to acquit, and where there was actually a failure proof with respect to that superseded charge. Page noted, and this is a quote, and this is like our case, the additional count was not included, as in Jones, to strengthen weaker counts that the government had earlier been unable to prove, but to reflect the full scope of the defendant's criminal conduct. Under Page, that is unquestionably proper. With that, I'm prepared to answer any of the court's questions, whether about Rule 807 or other. Judge Calabresi, do you have any questions for Ms. Sassoon? No, thank you very much. And Judge Wesley, do you have any questions for Ms. Sassoon? No, thank you. I guess I have one. I mean, the question I had asked earlier about 404B notice was whether that there was notice given as to this, the hand-to-hand, the substance, what became the substantive before the superseding indictment. You just cited, I think, me to a part of the record that relates to a post-indictment letter brief concerning Joinder. Was there any disclosure? Was there an earlier disclosure? I referred to that page in the appendix. Yes, there was. It mentions the government's motions in Limine, which were filed in February, where the government discussed in detail why this evidence was admissible under Rule 404B. Okay, so well before the superseder, then, there was notice about this incident as 404B. Yes, Your Honor. And was there a response? Was that contested? I don't remember specifically what was in the defendant's opposition to the 404B. I think it was ultimately mooted by the fact that the counts were joined and they filed their letter opposing Joinder, and the court overruled that motion. Okay, but it might be relevant to your assessing prejudice. All right, that was the only question I had. Is there anything else you'd like to address? Just with respect to Joinder on this question of the charges being similar or not, defense counsel referred to cases in other circuits. I would just point to United States v. Turner, 93 F. 3rd 276, and that's out of the Seventh Circuit, where the court held that charges are similar where they are of a like class or the same type and categorically similar rather than evidentiary similarity. And that makes sense because this portion of Rule 8 has to carry a meaning separate and apart from the other sub portions of Rule 8, where, for example, the charges are based on the same act or part of the common scheme. We cite several cases, including the Circuit Smith decision, where substantive and conspiracy narcotics charges were properly joined, even when separated in time, which goes back to Judge Pellegrini's question about whether the conspiracy and the distribution, in fact, overlapped. In Smith, they didn't, and the court still found that Joinder was proper, but here the substantive count fell directly within the alleged time frame of the conspiracy between 2014 and 2016. Unless the court has further questions, we will soon. Mr. Newman, you've got three minutes of rebuttal. Thank you. The only observation I want to make, I think that the government's not really challenging, you know, one of my points, which is that good faith, you know, is a relevant consideration, and that's beyond just this case. That's something I would really appreciate. I think that, you know, other trial lawyers would appreciate if that would be something that the courts, you know, could be addressing in looking at these kinds of motions, because this does come up very, very frequently in this district, where, you know, there are superseders added and defense counsel feels, you know, maybe there are cases where there hasn't been 404 being noticed and feel somewhat blindsided, and here the judge did not address that aspect of the argument. Other than that, I have nothing to add. I'm happy to answer any other questions, though. Any other questions for Mr. Newman? No? All right. Well, we will reserve decision. Thank you both very much. We'll now move on to the next case.